NOT DESIGNATED FOR PUBLICATION

No. 119,746

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FERNANDO DOMINGUEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR. Opinion filed May 17, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before STANDRIDGE, P.J., GARDNER, J., and WALKER, S.J.

PER CURIAM:  Fernando Dominguez appeals the district court's decision to revoke his probation and order him to serve his original sentence. We granted Dominguez' motion for summary disposition pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has responded that it does not object to summary disposition, and it requests that the district court's judgment be affirmed.

On November 15, 2016, Dominguez pled guilty to a single count of criminal possession of a weapon, a severity level 8 nonperson felony. His criminal history score for this offense was C. The presumptive disposition for nondrug grid block 8-C is probation, but Dominguez was subject to a special rule allowing the district court to disregard this presumption, since he was on felony probation in Phillips County at the

1

time the criminal weapons violation occurred in this Sedgwick County case. The sentencing range in grid block 8-C is 17-18-19 months. See K.S.A. 2018 Supp. 21-6804(a).

On January 4, 2017, the district court sentenced Dominguez to 19 months in prison, consecutive to his Phillips County time. But the district chose not to invoke the special rule allowing it to send Dominguez to prison, instead granting him probation for 18 months, supervised by community corrections.

On May 15, 2018, community corrections filed a report with the court alleging Dominguez violated several conditions of his probation, including new offenses of driving under the influence (DUI) of alcohol and driving while suspended, as well as admissions of consuming alcohol, using methamphetamine, and failing to pay court costs. At the probation violation hearing held on June 4 and 27, 2018, the State presented the testimony of the state trooper who had arrested Dominguez on the DUI and driving while suspended charges as well as his community corrections officer. Dominguez admitted the alleged violations concerning alcohol and methamphetamine use and his failure to pay court costs. The district court found that Dominguez had violated his probation on all counts alleged by the State, revoked the probation, and ordered that he serve out his original 19-month prison sentence. In denying Dominguez' request for a new probation, the district court found that he was not amenable to further probation and that the safety of members of the public would be jeopardized by granting Dominguez further probation.

On appeal, Dominguez argues that the district court abused its discretion in revoking his probation and ordering him to serve his original prison sentence. This is true, he contends, because the court did not adequately address his drug addiction, which is "the apparent underlying cause of his legal troubles."

Once a violation has been established, the decision to revoke probation is within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Dominguez bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

When a convicted felon violates the terms of probation, Kansas law generally provides that he or she receive an intermediate sanction, such as a short jail stay followed by a return to probation, rather than being sent to prison on the first violation. K.S.A. 2018 Supp. 22-3716(c)(1). But there are exceptions to the general rule: intermediate sanctions are not required when the offender commits a new crime. K.S.A. 2018 Supp. 22-3716(c)(8)(A). Likewise, intermediate sanctions are not required if the "court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2018 Supp. 22-3716(c)(9)(A).

Notably, in his motion for summary disposition of his appeal, Dominguez admits that the district court had statutory authority to impose the underlying sentence based upon its findings that he represented a danger to public safety and committed new misdemeanor offenses. The language of his appeal does not take issue with the sufficiency of the district court's findings on these issues. Dominguez only remonstrates against the court's refusal to once again grant him probation, which would have allowed him to deal with his drug addiction in the community.

As noted previously, unless the district court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the

decision made by the district court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). Given Dominguez' presence on felony probation in Phillips County when he committed the criminal weapons violation in this case, the district court's forbearance by granting Dominguez probation at sentencing when the special rule would have allowed his immediate imprisonment, plus the new misdemeanors and admitted drug and alcohol use while on probation, we are not persuaded that *no* reasonable person would have taken the view of the district court. Accordingly, we conclude the district court did not abuse its discretion.

Affirmed.